IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LISA MILTON                          :

                                     :

    v.                               :    Civil Action No. DKC 24-1321

                                     :

THE NATIONAL CENTER FOR CHILDREN      :
AND FAMILIES, INC.                   :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this employment law case is the motion for leave to amend filed by Plaintiff Lisa Milton ("Plaintiff"). (ECF No. 20). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be granted in part and denied in part.

### I.    Background

The relevant factual background is set out in a prior opinion. (ECF No. 16). On May 6, 2024, Plaintiff filed this lawsuit against her former employer, The National Center for Children and Families, Inc. ("NCCF" or "Defendant"), for violations of the Fair Labor Standard Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), as well as for wrongful termination, breach of contract, and unjust enrichment. Defendant filed a partial motion to dismiss Count VI-wrongful termination, Count VII-breach of contract, and Count

VIII-unjust enrichment. (ECF No. 10). On January 28, 2025, the court granted the motion in part and denied it in part, dismissing Counts VI-wrongful termination and VII-breach of contract. (ECF No. 16). On February 13, 2025, Plaintiff filed a motion for leave to amend her complaint to add additional facts, re-plead her breach of contract claim, and add a claim for violation of the Maryland False Claims Act ("MFCA") (ECF No. 20). On February 27, 2025, Defendant filed an opposition (ECF Nos. 21), and on March 13, 2025, Plaintiff filed a reply in support of her motion. (ECF No. 23).

## II. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D.Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). "Leave to amend may be denied as futile 'if the proposed amended complaint fails to satisfy the requirements of the federal rules,' including federal pleading standards." *Ayele v. Wash. Adventist Hosp.*, No. 16-3778-DKC, 2017 WL 3868519, at *2 (D.Md. Sept. 5, 2017) (quoting *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## III. Analysis

Plaintiff requests leave to amend her complaint to provide additional details to facts pled in her original complaint, provide additional facts, re-plead and expand her claim for breach of contract, and add an additional cause of action for violation of the MFCA. (ECF No. 20, at 2). Defendant argues that the court should deny Plaintiff's motion for leave to amend because the proposed amendments to her breach of contract claim and the MFCA claim are futile because they fail to state a claim. (ECF No. 21, at 2-3).

### A. Count VI: Proposed Breach of Contract Claim

Plaintiff seeks to re-plead her breach of contract claim, contending that although the Purchase of Services Agreements

("POSA") expressly provided her rate of pay for forty hours a week, the issue of pay for work over forty hours a week was not included "due to sheer inadvertence or because the term is too obvious to need expression." (ECF No. 20-1 ¶¶ 192-197). Therefore, Plaintiff alleges that "the POSAs contained an implied term that [Plaintiff] would be paid at the same base hourly rate for work performed in excess of 40 hours per week." (ECF No. 20-1 ¶ 198). Alternatively, Plaintiff alleges that Defendant breached its "obligation to act in good faith and deal fairly." (ECF No. 20-1 ¶ 199). Plaintiff also pleads in the alternative that Plaintiff and Defendant entered into an implied in fact contract, and Defendant agreed to pay Plaintiff the same rate for hours she worked over forty hours a week as it paid for her first forty hours. (ECF No. 20-1 ¶ 202).

Defendant argues that Plaintiff's proposed amended claim is futile because under all three contract theories, it still fails to state a claim for breach of contract. (ECF No. 21, at 3).

## 1. Breach of Implied Term Under Express Contract

Under Maryland law, "implied terms of a contract are utilized only in order to supply the place of a missing express term; therefore, where an express term exi[s]ts, it negatives an implied inconsistent term relating to the same aspect of the contract." *Chesapeake Bay Found., Inc. v. Weyerhaeuser Co.*, No. 11-47-PWG, 2015 WL 2085477, at *9 (D.Md. May 4, 2015) (quoting *Nat'l Lab. Coll., Inc. v. Hillier Grp. Architecture N. J., Inc.*, 739 F.Supp.2d

4

821, 831 (D.Md. 2010)). Plaintiff alleges that the POSAs expressly provided that her pay was not to exceed the amount agreed to in the POSA, stating that "under the terms of the First POSA, the total contract amount could not exceed $72,000," "[t]he Second POSA provided that the total compensation during the contract term was limited to $75,600, with the following explanation: '$70hr x 40 hrs/week x 27 week[,]'" "[a]s with the Second POSA, the Third POSA provided that the total compensation during the contract term was limited to $75,600, with the following explanation: '$70hr x 40 hrs/week x 27 week[,]'" and "[t]he Fifth POSA provided for total compensation was limited to $116,280, explained as: '$57/hr x 40 hrs/week x 51 weeks.'" (ECF No. 20-1 ¶¶ 22, 30, 37, 51). Therefore, because Plaintiff has alleged that there were express terms of the POSAs governing the maximum amount she would be paid, she cannot allege that there was an implied inconsistent term regarding payment for her work over forty hours a week.

### 2. Breach of Good Faith and Fair Dealing

As this court previously stated in its opinion dismissing the breach of contract claim, Maryland does not recognize a separate cause of action for a breach of good faith and fair dealing. (ECF No. 16, at 10-11). Therefore, Plaintiff has failed to state a claim for a breach of contract under this theory.

### 3. Breach of Implied Contract

Under Maryland law, "A contract may be oral or written, as well as express or implied." *ATon Ctr., Inc. v. CareFirst of Md., Inc.*, No. 20-CV-3170-DKC, 2021 WL 5909101, at *2 (D.Md. Dec. 14, 2021) (quoting *Transam. Premier Life Ins. Co. v. Selman & Co., LLC*, 401 F.Supp.3d 576, 591 (D.Md. 2019)). "An implied-in-fact contract is identified from the parties' 'conduct rather than in an explicit set of words.'" *Id.* (quoting *Mohiuddin v. Drs. Billing & Mgmt. Sols.*, 196 Md.App. 439, 447 (2010)). "Implied-in-fact contracts are 'dependent on mutual agreement or consent, and on the intention of the parties; and a *meeting of the minds is required*.'" *Mohiuddin*, 196 Md.App. at 447-48 (2010) (quoting *Mogavero v. Silverstein*, 142 Md.App. 259, 275 (2002)).

Plaintiff contends that the parties agreed on an hourly rate for up to forty hours a week, Plaintiff's workload required her to work more than forty hours a week, and Plaintiff repeatedly told Defendant she was working more than forty hours a week. (ECF No. 20-1 ¶¶ 25, 32, 39, 44, 52, 203). Plaintiff, however, has not alleged facts in her proposed amended complaint to support "mutual agreement or consent," Defendant's intention, or "a meeting of the minds" between Plaintiff and Defendant. Therefore, Plaintiff has not sufficiently alleged there was an implied contract.

Plaintiff's breach of contract claim would not survive a motion to dismiss under any of the three theories; therefore,

amendment would be futile.  Accordingly, Plaintiff's motion for leave to amend is denied as to her breach of contract claim.

### B. Count VIII: Proposed MFCA Claim

Plaintiff seeks to add an additional claim, retaliation in violation of the MFCA, Md. Code Ann., Gen Prov. § 8-107, against Defendant.  (ECF No. 20-1 ¶ 219).  Defendant argues that Plaintiff fails to state a claim for retaliation in violation of the MFCA and therefore the proposed amended claim is futile.  (ECF No. 21, at 7).

Under Md. Code Ann., Gen Prov. § 8-107:

> (a) A person may not take a retaliatory action against an employee, a contractor, or a grantee because the employee, contractor, or grantee:
> (1) acts lawfully in furtherance of an action filed under this title, including an investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this title;
> (2) discloses or threatens to disclose to a supervisor or to a public body an activity, a policy, or a practice of the person that the employee, contractor, or grantee reasonably believes is in violation of § 8-102 of this title or a regulation adopted under this title;
> (3) provides information to, or testifies before, a public body conducting an investigation, a hearing, or an inquiry into a violation of § 8-102 of this title or a regulation adopted under this title that is allegedly or actually committed by the person; or
> (4) objects to or refuses to participate in any activity, policy, or practice that the employee, contractor, or grantee reasonably believes is in violation of § 8-102 of this title or a regulation adopted under this title.

7

Chief Judge Russell has stated that:

> The Court is unaware of any decisions by Maryland courts setting forth the elements of a retaliation claim under the MFCA. However, in light of the similarities between the relevant statutory language, the Court finds that its analysis regarding [Plaintiff's] FCA [federal False Claims Act] retaliation claim applies equally to [Plaintiff's] claim under the MFCA. *Compare* 31 U.S.C. § 3730(h) *with* Md. Code Ann., Gen. Prov. § 8-107; *see also Gharib v. J. of Comm. on Political Econ. of Good Soc'y*, No. GJH-17-3476, 2018 WL 4679954, at *8 (D.Md. Sept. 27, 2018) ("The Court has not identified any federal or state courts addressing the MFCA in detail and will look to cases interpreting the analogous [FCA] for guidance.").

*White v. ACell, Inc.*, No. 20-CV-173-GLR, 2021 WL 3911999, at *15 (D.Md. Sept. 1, 2021), *aff'd*, No. 22-2198, 2024 WL 4200040 (4th Cir. Sept. 16, 2024).

> As with Title VII and § 1981 retaliation claims, FCA "[r]etaliation claims can be proven by either the submission of direct evidence of retaliatory animus or by use of the *McDonnell Douglas [Corp. v. Green*, 411 U.S. 792 (1973)] burden-shifting framework." *U.S. ex rel. Cody v. ManTech Int'l, Corp.*, 746 F.App'x 166, 176 (4th Cir. 2018) (citing *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015)). An employee seeking to establish a prima facie case of FCA retaliation under the *McDonnell Douglas* framework must show: "(1) he engaged in protected activity; (2) his employer knew about the protected activity; and (3) his employer took adverse action against him as a result." *U.S. ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 200 (4th Cir. 2018).

*White* 2021 WL 3911999, at *13.

In her proposed amended complaint, Plaintiff alleges that Defendant exclusively used a mental health provider owned by a former employee and friend of the program administrator, which led to "the submission of exorbitant invoices." (ECF No. 20-1 ¶¶ 82-

83).  Plaintiff further alleges that she suspected the mental health provider was submitting invoices for services it did not perform and hiring providers outside of Montgomery County, in violation of requirements.  (ECF No. 20-1 ¶¶ 88-91).  The mental health provider also charged a manager fee and administrative fee, unlike any of the other providers.  (ECF No. 20-1 ¶¶ 92-93).  Plaintiff contends that she "engaged in protected activity" under the MFCA because she reported her concerns about these and other practices to multiple executives on several occasions, including on January 11, 2023, and at a meeting in April 2023.  (ECF No. 20-1 ¶¶ 94-104, 220).

Additionally, Plaintiff alleges that Defendant knew about the protected activity because she alleges that she reported her concerns to multiple supervisors and executives on several occasions.  (ECF No. 20-1 ¶¶ 94-104).  Plaintiff alleges that following some of her reports, she "was instructed to remain within her designated role and stop 'creating conflict' with the Program Director . . . with a warning that non-compliance would lead to the termination of her contract."  (ECF No. 20-1 ¶ 99).  Plaintiff was terminated on March 7, 2024.  (ECF No. 20-1 ¶ 75).  She alleges that she "was retaliated against for raising concerns about fraud and financial mismanagement to [Defendant] by being . . . isolated and ultimately terminated from her position."  (ECF No. 20-1 ¶

105).  Therefore, Plaintiff contends that her employer took adverse action against her because she engaged in protected activity.

Defendant argues that because Plaintiff alleges that her reports were "ignored," and because her complaints were in 2023 and she was terminated in 2024, she cannot establish a causal connection between any alleged protected activity and her termination.  (ECF No. 21, at 11-12).

Plaintiff has alleged that she repeatedly raised her concerns, was warned to stop or risk termination, and was eventually terminated.  Under the motion to dismiss standard, at this stage, Plaintiff has stated a claim under the MFCA; therefore, her proposed amendment is not futile.  Accordingly, Plaintiff's motion for leave to amend is granted as to her violation of the MFCA claim.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend will be granted in part and denied in part.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
